**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-7314

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT JAMES TURNER, a/k/a Robert James Branham,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:96-cr-00374-LMB-1)

Submitted:  January 17, 2023                    Decided:  January 20, 2023

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert James Turner, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert James Turner has noted an appeal from the district court's order denying his motion to dismiss indictment. Turner's motion was, in substance, a successive 28 U.S.C. § 2255 motion. The denial of this motion is not appealable in the absence of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, ___, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Turner's motion challenged the validity of his conviction and should have been construed as a successive § 2255 motion.* *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this Court, the district court lacked jurisdiction to hear Turner's successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

* The district court denied relief on Turner's initial § 2255 motion on the merits in 1999.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*